## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Shana Robertson, on behalf of the Isagenix Worldwide, Inc. Employee Stock Ownership Plan and on behalf of a class of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Argent Trust Company, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT – CLASS ACTION** |

Plaintiff Shana Robertson, by her undersigned attorneys, on behalf of the Isagenix Worldwide, Inc. Employee Stock Ownership Plan, and similarly situated participants in the Plan and their beneficiaries, alleges upon personal knowledge, the investigation of her counsel, and upon information and belief as to all other matters, as to which allegations she believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

### BACKGROUND

1.      This action is brought against Argent Trust Company ("Argent"), the trustee for the Isagenix Worldwide, Inc. Employee Stock Ownership Plan ("the

1

ESOP" or "the Plan"), pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*., by Plaintiff on behalf of a class of participants in and beneficiaries of the ESOP to restore losses to the Plan, obtain other equitable and remedial relief on behalf of the Plan, and to remedy violations of ERISA arising out of a June 14, 2018 transaction whereby the Plan acquired shares of Isagenix Worldwide, Inc. ("Isagenix").

2.     Plaintiff is a former employee of Isagenix and current participant in the ESOP, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who was vested in shares of Isagenix allocated to her account in the Plan.

3.     Argent represented the Plan and its participants as Trustee in the ESOP Transaction. It had sole and exclusive authority to negotiate the terms of the ESOP Transaction on the Plan's behalf.

4.     Argent is a for profit corporation organized under Tennessee law and authorized to transact business in this state.  Argent transacts business in this state, district, and division.  Argent's registered agent for service of process in this state is LegalInc Corporate Services, Inc. at Argent's registered office in this state, 1870 The Exchange, Suite 100 #44, Atlanta, Cobb County, Georgia 30339.

5.     At all relevant times, Isagenix was a privately held company and a party in interest to the Plan. Isagenix adopted the Plan effective January 1, 2018. On June 14, 2018, Argent, in its capacity as Trustee of the Plan, purchased 30,000

2

shares of Isagenix's preferred stock for $382,500,000, representing a 30% ownership interest in Isagenix.

6.     The ESOP Transaction allowed the selling shareholders, Jim and Kathy Coover and Jim and Tammy Pierce ("Selling Shareholders"), to cash out a portion of their Isagenix stock at a high price at a time when Isagenix's business was deteriorating and also placed excessive debt on the company. Argent failed to fulfill its ERISA duties, as Trustee and fiduciary, to the Plan and its participants, including Plaintiff.

7.     As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from Defendant's violations of ERISA.

8.     Through this action, Plaintiff seeks to enforce her rights under ERISA and the Plan, to recover the losses incurred by the Plan and/or the improper profits realized by Defendant resulting from its breaches of fiduciary duty and prohibited transactions. Plaintiff requests that these prohibited transactions be declared void, Defendant be required to restore any losses to the Plan arising from its ERISA violations, Defendant be ordered to disgorge any profits, and any monies recovered for the Plan be allocated to the accounts of the Class members. As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from Defendant's violations of ERISA.

## JURISDICTION & VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

10.    This Court has personal jurisdiction over Defendant because Defendant resides or may be found in this District, breaches took place in this District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, Defendant transacts business in and has significant contacts with this District, and because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

11.    Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Defendant resides or may be found in this District, and/or breaches and violations giving rise to Plaintiff's claims took place in this District. Venue is also proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant resides in this District.

## PARTIES

12.    Plaintiff Shana Robertson is and has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), since the adoption of the Plan

4

effective on January 1, 2018, because she still has an individual account in the Plan and because she has a colorable claim for additional benefits as a result of Defendant's breaches and violations. Plaintiff Robertson resides in Chandler, Arizona. Plaintiff worked as a Customer Service Representative, Policy Advisor and Operations Specialist over the course of her employment by Isagenix from May 2012 until January 2021. She was partially vested by the Plan's terms in shares of Isagenix in her Plan account.

13.    Defendant Argent operates as an investment management firm and offers financial planning, trusts, and real estate management services to families and organizations. Argent is a Tennessee corporation with its principal place of business at 1100 Abernathy Road, 500 Northpark, Suite 550, Atlanta, Georgia 30328. Argent is a division of Argent Financial Group, an independent wealth management firm. Argent Financial Group is headquartered at 500 E Reynolds Dr., Ruston, Louisiana 71270.

14.    Argent was the Trustee of the Plan at the time of the ESOP Transaction. Argent was a "fiduciary" under ERISA§ 3(21), 29 U.S.C. § 1002(21), at all times that it was the Trustee because it had exclusive authority to manage and control the assets of the Plan and had sole and exclusive discretion to authorize and negotiate the ESOP Transaction on the Plan's behalf. Argent was a party in interest

under ERISA § 3(14), 29 U.S.C. § 1002(14), at all times that it was a fiduciary of the Plan and a provider of services to the Plan.

15.     The Notes to Financial Statements of the Plan's 2019 Form 5500 reports that Argent was the Plan's custodian and holds the Plan's assets, which consist of preferred stock in Isagenix.

16.     Argent's power and authority does not include the power and authority to interpret and construe the terms of the written Plan document.

## FACTUAL ALLEGATIONS

17.     Isagenix is a multi-level marketing (MLM) company that sells dietary supplements and personal care products. The company, based in Gilbert, Arizona, was founded in 2002 by John Anderson, Jim Coover and Kathy Coover. The Coovers were and are the majority shareholders of Isagenix.

18.     The Coovers bought out John Anderson in 2005. At some time prior to the ESOP Transaction, Jim and Tammy Pierce became minority shareholders of Isagenix. At the time of the ESOP Transaction, Jim Coover was CEO and a Director of Isagenix, Kathy Coover was Executive Vice President and a Director of Isagenix, and Jim Pierce was a Director of Isagenix.

19.     Isagenix was at all times a closely held private company. Isagenix stock is not traded on an established securities market.

20.     Isagenix adopted the Plan effective January 1, 2018.

21.     The Plan is a pension plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1).

22.     The Plan is a leveraged employee stock ownership plan, or "Leveraged ESOP." The Plan was designed to invest primarily in the employer securities of Isagenix.

23.     The Plan's principal asset was Isagenix stock at all times since the ESOP Transaction.

24.     The Plan is an individual account plan, or defined contribution plan, under which a separate individual account was established for each participant. Shares of Isagenix stock are allocated to each participant's individual account.

25.     Isagenix is and was from the inception of the Plan the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

26.     U.S. employees of Isagenix generally participate in the Plan.

27.     The Plan's Form 5500 Annual Returns identify Isagenix as a party in interest to the Plan at the Schedule H, Line 4(i) Schedule of Assets (Held At End of Year), and at Note 10 to the Financial Statements they identify the Plan's investment in Isagenix's preferred stock and indebtedness with a subsidiary of Isagenix as party in interest transactions.

28.     Isagenix is and was at the time of the ESOP Transaction a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

29.     Jim and Kathy Coover are and were at the time of the ESOP Transaction each a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as directors of Isagenix; and/or as 10 percent or more shareholders of Isagenix, directly or indirectly; and/or as officers of Isagenix; and/or as employees of Isagenix; and/or as relatives of a party in interest.

30.     Jim and Tammy Pierce are and were at the time of the ESOP Transaction each a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as directors of Isagenix; and/or as 10 percent or more shareholders of Isagenix, directly or indirectly; and/or as relatives of a party in interest.

31.     Isagenix appointed Argent as Trustee of the Plan. As Trustee, Argent had sole and exclusive authority to negotiate and approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for Isagenix stock.

32.     As Trustee for the Plan, it was Argent's exclusive duty to ensure that any transactions between the Plan and the Coovers and/or the Pierces, and between the Plan and Isagenix, including acquisitions of Isagenix stock by the Plan and loans to the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair market value.

33.     On June 14, 2018, the Plan purchased 30,000 shares of Isagenix preferred stock for $382,500,000 (i.e., a price of $12,750 per share). Simultaneously, Isagenix redeemed or purchased Company stock from Jim and Kathy Coover (or a trust or trusts associated with the Coovers) and Jim and Tammy Pierce (or a trust or trusts associated with the Pierces) for a total of $382,500,000 and recapitalized.

34.     As a result of the ESOP Transaction, Isagenix became 30% employee owned. Jim and Kathy Coover (or a trust or trusts associated with the Coovers) remain the majority shareholders of Isagenix, and Jim and Tammy Pierce (or a trust or trusts associated with the Pierces) remain minority shareholders of Isagenix.

35.     The ESOP Transaction implied a value of at least $1,275,000,000 for 100% of the equity of Isagenix.

36.     The Plan's purchase of the Isagenix shares was financed by a loan that the Plan entered into with Isagenix International, LLC, a subsidiary of Isagenix, for $382,500,000 that provides that the Plan repay the loan over 39 years in equal annual payments at an interest rate of 3.05% ("Inside ESOP Loan").

37.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Isagenix and/or Isagenix International, LLC

entered into term loans to finance the ESOP Transaction with CION Investment Corporation, a business development company; Crescent Capital, an investor in alternative credit; Main Street Capital Corporation, an investment firm that provides credit to middle market companies; and the Selling Shareholders ("Outside ESOP Loan").

38.     The ESOP was announced to Isagenix employees at a special assembly on July 17, 2018. Plaintiff had no knowledge of the ESOP or the ESOP Transaction until the July 17, 2018 announcement.

39.     Plaintiff was allocated shares of Isagenix stock in her individual account in the Plan in 2018, 2019 and 2020. She was 20% vested in her Isagenix shares.

40.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Isagenix provided financial projections to Argent for the valuation for the ESOP Transaction. The financial projections were unreasonably optimistic.

41.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The ESOP Transaction was structured as a purchase of preferred stock rather than common stock in order to inflate the

purchase price paid by the ESOP. The present value of expected future preferred dividend payments was included in the purchase price and the ESOP thereby increased the amount borrowed under both the Inside ESOP Loan and the Outside ESOP Loan. Using preferred stock to increase the price paid by the ESOP in the ESOP Transaction and the ESOP's and the Company's debt obligations following the ESOP Transaction was not fair to the ESOP from a financial point of view.

42.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The last twelve months (LTM) financials for Isagenix as of the date of the ESOP Transaction reflected a decline in revenues and EBITDA.

43.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Isagenix instituted a large layoff soon after the ESOP Transaction.

44.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The ESOP Transaction placed excessive debt on Isagenix. By 2020, the Coovers and the Pierces were forced to inject $35 million into Isagenix to avoid default on the Inside ESOP Loan and the Outside ESOP

Loan. In 2020, Isagenix used this money and other funds to retire over $60 million of the principal amount of the Outside ESOP Loan at approximately sixty-five (65) cents on the dollar.

45.     The Plan paid more than fair market value for Isagenix stock due to the flawed valuation of the company.

46.     Argent is responsible for an annual valuation of the ESOP's Isagenix stock. On December 30, 2018, the Plan's Isagenix stock was valued at $6,051.15 per share. On December 29, 2019, the Plan's Isagenix stock was revalued at $3,648.71 per share. The December 29, 2019 valuation represents a decline of over 70% from the purchase price paid by the ESOP.

47.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Argent did not perform due diligence in the course of the ESOP Transaction similar to the due diligence that is performed by third-party buyers in large corporate transactions. Argent's due diligence in the ESOP Transaction was less extensive and thorough than the due diligence performed by third-party buyers in corporate transactions of similar size and complexity. The Plan overpaid for Isagenix stock in the ESOP Transaction due to Argent's reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate guideline public companies for

50omparison, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, failure to apply a discount for lack of control, and/or other factors that rendered the valuation of Isagenix stock in the ESOP Transaction faulty.

48.    Incentives to Argent to act in favor of the Selling Shareholders in the ESOP Transaction included the possibility of business from sellers of companies who understood that Argent applied a lesser degree of due diligence in ESOP purchases of businesses than is typical for non-ESOP-buyers' purchases of businesses, engagement as the Plan's ongoing trustee after the ESOP Transaction and the fees paid for that engagement.

49.    Argent is liable to the Plan for the difference between the price paid by the Plan and the actual value of Isagenix shares at the time of the ESOP Transaction.

50.    Argent has received consideration for its own personal account from Isagenix for its services in the ESOP Transaction in the form of fees.

## CLAIMS FOR RELIEF

## COUNT I

### Causing and Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)–(b), 29 U.S.C. § 1106(a)–(b), Against Argent

51.    Plaintiff incorporates the above Paragraphs 1 – 50 inclusive as though set forth herein.

52.     ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here Argent, from causing a plan, here the Plan, to engage in a sale or exchange of any property, here Isagenix stock, with a party in interest, here the Selling Shareholders, as took place in the ESOP Transaction.

53.     ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits Argent from causing the Plan to borrow money from a party in interest, here Isagenix and the Selling Shareholders, as took place in the ESOP Transaction.

54.     ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits Argent from causing the Plan to engage in a transaction that constitutes a direct or indirect transfer to, or use by or for the benefit of, a party in interest, here the Selling Shareholders, of any assets of the Plan, as took place in and after the ESOP Transaction with the transfer of Plan assets as payment for Isagenix stock and in continuing payments on the loan.

55.     The stock and loan transactions between the Plan and the parties in interest were authorized by Argent in its capacity as Trustee for the Plan.

56.     Argent caused the Plan to engage in prohibited transactions in violation of ERISA § 406(a), 29 U.S.C. § 1106(a), in the ESOP Transaction.

57.     ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the

14

interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

58.     Argent caused the Plan to acquire Isagenix stock from the Selling Shareholders above fair market value and with the proceeds of loans that were used to pay the Selling Shareholders. This primarily benefited the Selling Shareholders to the substantial detriment of the Plan and its participants and beneficiaries, even though Argent was required to act solely in the interests of the Plan's participants and beneficiaries in connection with any such transaction.

59.     Argent received consideration for its own personal account from Isagenix—fees—as Trustee for the Plan in the ESOP Transaction, in violation of ERISA § 406(b)(3).

60.     Argent caused and engaged in prohibited transactions in violation of ERISA § 406(b) in the ESOP Transaction.

61.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

62.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

63.     Argent has caused losses to the Plan by the prohibited transactions in an amount to be proved specifically at trial.

## COUNT II

### Breaches of Fiduciary Duty Under ERISA § 404(a), 29 U.S.C. § 1104(a), Against Argent

64.     Plaintiff incorporates the above Paragraphs 1 - 50 inclusive as though set forth herein.

65.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the plan, (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA.

66.     The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always

administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

67.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

68.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

69.     Argent was required to undertake an appropriate and independent investigation of the fair market value of Isagenix stock in or about June 2018 in order to fulfill its fiduciary duties, and an appropriate investigation would have revealed that the valuation used for the ESOP Transaction did not reflect the fair market value of the Isagenix stock purchased by the Plan.

70.     Argent breached its duties under ERISA § 404(a), 29 U.S.C. § 1104(a).

71.     Argent has caused losses to the Plan by its breaches of fiduciary duty in an amount to be proved specifically at trial.

## ENTITLEMENT TO RELIEF

72.     By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled to sue Defendant pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), for relief on behalf of the Plan as provided in ERISA § 409, 29 U.S.C. § 1109, including for recovery of any losses to the Plan, the recovery of any profits resulting from the breaches of fiduciary duty, and such other equitable or remedial relief as the Court may deem appropriate.

73.     By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue Defendant for any appropriate equitable relief to redress the wrongs described above.

## CLASS ACTION ALLEGATIONS

74.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All participants in the Isagenix Worldwide, Inc. Employee Stock Ownership Plan (the "Plan") who vested under the terms of the Plan (or ERISA) and the beneficiaries of such participants. Excluded from the Class are the shareholders who sold the stock of Isagenix Worldwide, Inc. ("Isagenix") to the Plan (directly or indirectly) on June 14, 2018 and their immediate families; the directors and officers of Isagenix and their immediate families; members of the Plan Committee and other fiduciaries of the Plan; and legal representatives, successors, and assigns of any such excluded persons.

75.     The Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class members are unknown to Plaintiff at this time, the Plan's most recent Form 5500 filing reports that as of December 29, 2019, there were 553 participants and beneficiaries receiving or entitled to receive future benefits under the Plan.

76.     Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

i.      Whether Argent served as Trustee in the Plan's acquisition of Isagenix stock;

ii.     Whether Argent was an ERISA fiduciary of the Plan;

iii.    Whether Argent caused the Plan to engage in prohibited transactions under ERISA by permitting the Plan to purchase Isagenix stock and take loans from parties in interest;

iv.     Whether Argent engaged in a good faith valuation of the Isagenix stock in connection with the ESOP Transaction;

v.      Whether Argent caused the Plan to pay more than fair market value for Isagenix stock;

vi.     Whether Argent engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

vii.    Whether Argent engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

viii.    Whether Argent breached its fiduciary duty to undertake an appropriate and independent investigation of the fair market value of Isagenix stock in or about June 2018;

ix.    The amount of losses suffered by the Plan and its participants as a result of Argent's ERISA violations; and

x.    The appropriate relief for Argent's violations of ERISA.

77.    Plaintiff's claims are typical of those of the Class. For example, Plaintiff, like other Plan participants in the Class, suffered a diminution in the value of her Plan account because the Plan paid above fair market value and took on excessive loans for Isagenix stock, resulting in her being allocated fewer shares of stock, and she continues to suffer such losses in the present because Argent failed to correct the overpayment by the Plan.

78.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

79.    Class certification of Plaintiff's Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of

inconsistent or varying adjudications which would establish incompatible standards of conduct for Argent, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

80.    Class certification of Plaintiff's Claims for Relief for the alleged violations of ERISA is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. This action challenges whether Defendant acted consistently with its fiduciary duties or otherwise violated ERISA as to the ESOP as a whole. The members of the Class are entitled to declaratory and injunctive relief to remedy Defendant's fiduciary violations. As ERISA is based on trust law, any monetary relief consists of equitable monetary relief and is either provided directly by the declaratory or injunctive relief or flows as a necessary consequence of that relief.

81.    The names and addresses of the Class members are available from the Plan. Notice will be provided to all members of the Class to the extent required by Fed. R. Civ. P. 23.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant and for the following relief:

A.     Declare that Defendant Argent caused the Plan to engage in and itself engaged in prohibited transactions and thereby breached its duties under ERISA;

B.     Declare that Defendant Argent breached its fiduciary duties under ERISA to the Plan and the class members;

C.     Order Defendant to make good to the Plan and/or to any successor trust(s) the losses resulting from the breaches of ERISA and restore any profits it has made through use of assets of the Plan;

D.     Order that Defendant provide other appropriate equitable relief to the Plan and its participants and beneficiaries, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendant;

E.     Order the removal of Argent as Trustee and the replacement of Argent by an Independent Fiduciary and enjoin Argent from acting as a fiduciary for any employee benefit plan that covers or includes any Isagenix employees or any members of the Class;

F.     Order the proceeds of any recovery for the Plan to be allocated to the accounts of the class members to make them whole for any injury that they

suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

G.      Order the allocation to the accounts of the Class members of the additional shares of stock that would have been allocated but for the Plan's overpayment on Isagenix stock and Defendant's breaches of ERISA;

H.      Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

I.      Order Defendant to disgorge any fees it received in conjunction with its services as Trustee for the Plan in the ESOP Transaction as well as any earnings and profits thereon;

J.      Order Defendant to pay prejudgment and post-judgment interest;

K.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and her counsel as class counsel; and

L.      Award such other and further relief as the Court deems equitable and just.

*[Signatures on Next Page]*

23

Dated:  July 8, 2021.

Attorneys for Plaintiff:

**STONE LAW GROUP TRIAL LAWYERS, LLC**
By: *William S. Stone*
William S. Stone
Georgia State Bar No. 684635
5229 Roswell Road, NE
Atlanta, GA 30342
Tel: (404) 239-0305
Email: billstone@stonelaw.com

Gregory Y. Porter (*pro hac vice to be filed*)
Ryan T. Jenny (*pro hac vice to be filed*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street, NW
Suite 540
Washington, D.C. 20007
Tel: (202) 463-2101
Email: gporter@baileyglasser.com
Email: rjenny@baileyglasser.com

Patrick O. Muench (*pro hac vice to be filed*)
**BAILEY & GLASSER LLP**
333 S. Wabash Ave.
Suite 2736
Chicago, IL 60604
Telephone: (312) 995-7143
pmuench@baileyglasser.com

Daniel Feinberg (*pro hac vice to be filed*)
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
2030 Addison St., Ste. 500
Berkeley, CA 94704
Tel: (510) 269-7998
Email: dan@feinbergjackson.com